SOLOMON HEATH *v.* ANSON S. MARSHALL, ADM'R OF THE ESTATE OF CALEB BROWN.

A new trial will not be granted upon petition for mere error of judgment or misapprehension on the part of the petitioner's counsel as to some point involved in the proceedings, nor where the error or its injurious consequences might have been avoided by the exercise of ordinary diligence on the part of the petitioner or his counsel.

PETITION FOR A NEW TRIAL.

*S. C. & B. E. Badger*, for petitioner.

*Marshall & Chase*, for petitionee.

BARTLETT, J. August 13, 1863, a new trial by way of review was granted by this court in the action, *Brown* v. *Heath*, upon the petition of Heath. On the 22d day of August, Brown died, and both Heath and his counsel were informed of his decease, within a few weeks after it occurred, and some time before the 8th of October. On the 8th of Oc-

tober, the petitioner's counsel sued out a writ of review, but did not take it from the clerk's office until some time after that date. There is no evidence that the petitioner, or his counsel, informed the clerk of the decease of Brown, or gave him any direction but the general one to issue a writ of review. The writ issued against Brown, and was dated Oct. 8, 1863. Neither the petitioner nor his counsel took any measures to procure the appointment of an administrator on the estate of Brown until after the expiration of 90 days from the grant of the review, the counsel alleging that he was waiting for the friends of Brown to move in the matter. On the 16th of March, 1864, the petitioner procured the appointment of an administrator, and, on the 21st, caused the writ of review, which was returnable on the first Tuesday of April, to be served on the administrator and on Mr. Marshall, who had been counsel for Brown in the original suit. At the return term of the writ, the action of review was, on motion of Marshall & Chase, who appeared specially, dismissed.

The particular mistake, accident or misfortune, on which it is claimed to support this petition, has not been pointed out to us. The counsel for the petitioner, in his deposition, says : "In procuring said writ of review and in prosecuting the same till dismissed, I acted upon my best knowledge, and supposed the court would not dismiss it ; and if the proceedings were informal, I supposed the court would upon motion grant leave to amend, and save the rights of my client."

If there was any mistake, it did not arise from misapprehension of the facts by the petitioner or his counsel, but was a mistake of the same class with that in *Handy* v. *Davis* 38 N. H. 415, not resulting "from fortuitous circumstances," but arising "from an error of judgment or misapprehension on the part of the counsel." as to some point involved in the proceedings. Broom's Leg. Max. 244. Besides upon the evidence it is not entirely clear that the error, if there were any, or its injurious consequences might not have been avoided by the exercise of ordinary diligence.

As no case for a new trial under the statute, as construed in *Handy* v. *Davis*, is shown, it becomes unnecessary to inquire whether the fact that a review had already been granted upon a former petition by Heath is any objection to the present proceeding.

*The petition must be dismissed.*